IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CR-30316-MJR |
| | ) |
| DAVID MICHAEL THOMPSON, | ) |
| | ) |
| Defendant. | ) |

ORDER REGARDING EX PARTE CORRESPONDENCE

REAGAN, District Judge:

Charged with transporting child pornography (a violation of 18 U.S.C. 2252A(a)(1)) and represented by the Federal Public Defender's Office for the Southern District of Illinois, David Michael Thompson is set to proceed to trial June 10, 2013. On April 25, 2013, the Clerk's Office of this Court received a letter from Defendant Thompson addressed to the undersigned District Judge. The letter appears to have been sent *ex parte*, that is without copies provided to the opposing party (or, for that matter, to Thompson's own lawyer). Directly contacting the Judge by ex parte letter is inappropriate. The Judge may not answer such communication without responding to all parties/counsel of record, and the Defendant may unwittingly reveal facts about his case that should remain private via attorney-client privilege.

Thompson is represented by counsel. Issues must be raised by counsel through motions filed with the court – or in extremely limited circumstances by defendants filing a pro se motion with the Court. The Court will not docket Thompson's letter and

make it part of the docket, but Thompson is warned that future direct communications will be scanned and made part of the public record.

Two items in the letter bear brief mention by the Court.  First, Thompson states that he has "asked for 2 months to have a detention hearing," and has been unsuccessful in obtaining one.  The record before the Court indicates that Thompson did have a detention hearing in this District in November 2012 before Magistrate Judge Donald G. Wilkerson, who ordered Thompson detained pending trial. It was Thompson who sought and secured the continuance of that trial date, to the current June 10, 2013 setting.  That continuance was justified by the fact counsel was obtaining and reviewing discovery related to Thompson's related criminal prosecution in Ohio federal court (involving the same victim and similar charges as the instant case), and that counsel was endeavoring to negotiate with the Government for a global resolution to both cases at one time (which would be of benefit to Thompson).

Second, Thompson's letter expresses displeasure with his appointed counsel (Thompson references having difficulty reaching his attorney or being able to meet with him).  The Clerk's Office is directed to send Thompson's letter to defense counsel, whom the Court trusts will promptly and appropriately respond to Thompson.

IT IS SO ORDERED.

DATED April 29, 2013.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge